## UNITED STATES v. WILLIAM H. RORER, Inc.

### No. 6318.

District Court, E. D. Pennsylvania.
Dec. 16, 1936.

KIRKPATRICK, District Judge.

This was a criminal prosecution under Section 2 of the Food and Drug Act, as amended, 21 U.S.C.A. § 2. It was tried to the Court, a jury trial having been waived. The facts are quite simple and, by the verdict which I shall enter, they are determined as follows:

The defendant sold a bottle containing 100 four-grain thyroid tablets. The label represented that the tablets contained an average of two grains of thyroid each. I

find as a fact that the tablets contained an average of not less than two and forty-one hundredths grains of the essential thyroid element—an excess of twenty percent over the content as represented.

No evidence was presented by either side to show whether or not such an excess of thyroid, of the existence of which the user or prescribing physician would in all probability be ignorant, could be dangerous or harmful.

At the trial I held that the defendant could not be convicted of adulteration. The question remains whether it is guilty of misbranding.

The pertinent words of the statute are (Section 2), "Any person `* * *` who shall sell `* * *` any `* * *` misbranded `* * *` drugs `* * *` shall be guilty of a misdemeanor" etc., and (Section 8, 21 U.S.C.A. § 9), "That the term 'misbranded' as used herein [in sections 1 to 15, inclusive, of this title], shall apply to all drugs `* * *` the package or label of which shall bear any statement `* * *` regarding such article, or the ingredients or substances contained therein which shall be false or misleading in any particular `* * *`."

If the statute be interpreted literally the defendant has violated it. His statement that each tablet contained two grains of thyroid was in fact a false statement regarding the articles, their ingredients and the substances contained therein.

It is obvious, however, that one must stop somewhere short of an absolutely literal construction. Thus, if a man sells a pound and a quarter of pure butter under a label representing that the package contained one pound, or, if this defendant had put 105 tablets in his bottles of 100, it would be beyond reason to hold that the Act had been violated.

The misrepresentation here involved, however, does not relate to the number of articles sold or the quantity of an uniform substance. In United States v. Johnson, 221 U.S. 488, 31 S.Ct. 627, 628, 55 L. Ed. 823, the Supreme Court, in holding that the statute did not cover false or fraudulent claims of merit or of the curative effect of a drug, went on to say that the phrase (referring to the definition of misbranding) "is aimed not at all possible false statements, but only at such as determine the identity of the article, possibly including its strength, quality, and purity." This seems to cover the case at hand. The de-

fendant's representation, upon its label, had to do with the identity of the article. A tablet which contains two and four-tenths grains of thyroid and one and six-tenths grains of sugar, talcum and acacia is not identical with a tablet which contains two grains of thyroid and two grains of the other substances. It is therefore not necessary to resort to an absolutely literal construction in order to cover the defendant's act. The more limited interpretation placed upon the statute by the Supreme Court will do it.

It remains to consider the argument of the defendant for a construction which would limit the application of the statute to cases in which the false representation is deceptive (in the fraudulent sense), detrimental to health or otherwise injurious to the buying public.

We may accept, provisionally at least, this construction although it may be noted that the decisions cited for it (Hall-Baker Grain Company v. United States, 8 Cir., 198 F. 614; French Silver Dragée Company v. United States, 2 Cir., 179 F. 824) involved the misbranding of foods and not drugs.

Even so, I am of the opinion that the false statement that a tablet contains substantially less of a medicinal drug than it actually contains is prima facie injurious and potentially dangerous. That might not be so with a mixture of foods. It could certainly be argued with some reason that if the article contains nothing but a mixture of ordinary wholesome food substances as, for example, confectionery (see French Silver Dragée Co. v. United States), a false statement as to the relative proportions of sugar, chocolate, milk or butter contained in it would not be prima facie within the Act. Upon this point I express no opinion. I do however feel that, with a drug which is sold to be prescribed by physicians, who should know with accuracy what size of doses they are giving, the rule is otherwise.

It may also be that there are some articles classified as drugs which are not intended to be so used and as to which an over or under statement could result in no possible harm. If thyroid were such a substance I have no doubt that evidence would have been produced by the defendant to show it. All that I hold here is that the prima facies is the other way.

Beside, I am by no means sure that there is not an element of commercial de-

ception involved. I should think that physicians and others who buy drugs would feel that they were paying not only for purity of the ingredients but for an accurate and precise knowledge of their quantity. If a dealer, in order to save the expense of assaying his product, and at the same time escape liability for adulteration, includes an unascertained excess of it in the mixture he sells, the practice is not particularly commendable from a purely commercial standpoint.

For the reasons stated in this opinion I find a general verdict of guilty.

NOTE: The case of Breon & Company v. United States, 8 Cir., 74 F.2d 4, which has been much discussed at the trial and at the argument really has no bearing whatever upon the present case. The only point decided there was that the evidence was insufficient to establish beyond a reasonable doubt that there was an excess of thyroid in the tablets. In the present case the evidence is ample and persuasive beyond a reasonable doubt that there was such excess.